IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN MCCAULEY,<br>　　　Plaintiff,<br><br>　　　v.<br><br>COMPUTER AID INC., et al.,<br>　　　Defendants. | CIVIL ACTION NO. 06-1620<br><br>CIVIL ACTION NO. 06-2612 |

MEMORANDUM AND ORDER

Katz, S.J.                                                                                                                        August 25, 2006

**I.　　FACTS**

In May 2004, Plaintiff applied for employment as a Help Desk Analyst with Defendant Computer Aid, Inc. ("CAI"), a private information technology company incorporated in Pennsylvania. After submitting to pre-employment interviews and screenings, CAI made an offer of employment to Plaintiff on June 4, 2004. Plaintiff alleges that his employment agreement specifies that he could be fired only for cause. Compl. ¶ 98. CAI requested that Plaintiff fill out the appropriate employment-related forms and provide the required personal information. At that time, Plaintiff balked at providing his social number and asked the Recruiting Manager if he was required to provide it. The Manager responded that she would check and let him know the answer at a later date. After several days on the job, Defendant CAI requested that Plaintiff redo his initial employment forms and provide his social security number. Plaintiff refused and was terminated by CAI on June 16, 2004.

On April 18, 2006, Plaintiff filed suit against Defendant CAI. He later filed suit against CAI's corporate officers. Because both of Plaintiff's Complaints allege essentially the same facts

and causes of action, the court consolidated the actions on July 11, 2006.

Plaintiff alleges that Defendants wronged him both by failing to inform him that the submission of his social security number was voluntary and by wrongfully firing him for failing to provide his social security number on the government I-9, Employment Eligibility Form, the employer's health enrollment form, and the IRS W-4 form.  He alleges that Defendants' behavior discriminated against him on the basis of his national origins, as a natural born American, violated his privacy rights, his due process rights and his freedom of expression, and breached his employment agreement.

Although it is somewhat difficult to discern the types of claims set forth in the Plaintiff's Complaint based on these alleged action, Plaintiff alleges causes of action through 1) 42 U.S.C. § 1983 ("Section 1983); 2) a *Bivens* action 3) 42 U.S.C. § 1985(3) ("Section 1985(3)"); 4)  42 U.S.C. § 1986 (Section 1986); 5) 18 U.S.C. § 241 and §  242 6) the Federal Privacy Act violation 7)Title VII; and 8) a breach of contract action.

Now before the court is Defendants' Motion to Dismiss.  For the reason stated below the court will dismiss all Plaintiff's federal claims with prejudice.  Furthermore, the court will decline to exercise jurisdiction over Plaintiff's state claims and will dismiss them without prejudice.

## II.     DISCUSSION

In deciding a motion to dismiss for failure to state a claim a court must accept as true the factual allegations contained in the complaint, and grant the dismissal only if it appears certain that plaintiff can prove no set of facts that would entitle him to relief. See Shapiro v. UJB Financial Corp., 964 F.2d 272, 279-280 (3d Cir. 1992).  The court is mindful that, "however

2

inartfully pleaded," the "allegations of [a] *pro se* complaint [are held] to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

### A.     Claims Under Section 1983

Plaintiff fails to properly state a claim under Section 1983 for violations of his equal protection rights and his privacy rights. Section 1983 "does not create substantive rights, but provides a remedy for the violation of rights created by federal law." Groman v. Township of Manalapan, 47 F.3d 628, 633 (3d Cir.1995). "The Supreme Court has set forth the two essential elements of a § 1983 action: (1) the conduct complained of was committed by a person acting under color of state law; and (2) this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States. Kost v. Kozakiewicz, 1 F.3d 176, 184 (3d Cir. 1993).

#### 1.     Acting Under the Color of State Law

Defendants cannot be held liable under Section 1983, because Plaintiff has failed to allege facts sufficient to establish that Defendants acted under the color of state law. "Although it is possible for a private party to violate an individual's § 1983 rights, the individual alleging such a violation is not relieved of the obligation to establish that the private party acted under color of state law." Kost, 1 F.3d at 184 (holding that the defendant, a private company, was not a state actor because there wasn't a sufficient nexus between the state and the defendant).[1] A

---

[1] "Supreme Court jurisprudence outlines several approaches or discrete tests for detecting the presence of action under color of state law, including the exclusive government function approach, the joint participation or symbiotic relationship approach, and the nexus approach." (internal citations omitted). Groman v. Township of Manalapan, 47 F.3d 628, 639 (3d Cir. 1995). Here, none of these tests apply.

private action is not converted into one under color of state law merely by some tenuous connection to state action, but only when the action taken can be fairly attributed to the state itself. Id.

    Here, Plaintiff claims Defendants were state actors because:

> The Pennsylvania Government created an environment which allowed health care providers, operating within the state, to create a health enrollment form, requiring said form to contain information not legally necessitated, i.e. requiring the worker's Social Security Number. Such requirement was not Pennsylvania's legislative intent and said legislation predates the Employer health enrollment imposed hiring form.

Compl. at ¶ 59.

    In essence, Plaintiff argues that Defendants, who are private employers without any significant connection to the state government, acted in a way not intended by the state government. It cannot be fair then to attribute the actions of Defendants to the state. Cf. Brown, 250 F.3d at 801 (3d Cir. 2001) (noting that it is difficult to view targeted advertising as federal action by defendants which can serve as the basis for a *Bivens* action because the alleged wrongdoing – the targeted advertising of mentholated tobacco products to African-Americans – is not required by the Labeling Act). Thus, the Defendants were not acting under the color of state law and all claims under Section 1983 must be dismissed.

    **2.    Deprived of a Right Secured by the Constitution or Laws of the United States**

    Even if Defendants were state actors, Plaintiff does not allege facts necessary to establish the second element, that Defendants have engaged in any conduct that deprived him of a right secured by the Constitution or laws of the United States. Plaintiff claims denial of equal

4

protection rights and violation of the constitutional right to privacy.

        a.      **Denial of Equal Protection: Intentional Discrimination Based on National Origins**

Plaintiff fails to state a claim that he faced discrimination on the basis of his natural origin as a natural born American which denied him equal protection. To properly state a claim for national origins discrimination under Section 1983, Plaintiff must allege that his national origin was the cause of the disparate treatment he received. See Andrews v. City of Philadelphia, 895 F.2d 1469, 1478 (3d Cir.1990); see also See Cassano v. Carb, 436 F.3d 74 (2d Cir. 2006) (holding that an employee who was fired for refusing to disclose her social security number to her employer for fear of identity theft could not state a claim for discrimination under Section 1983 because the employer's policy of requiring an employee to disclose her social numbers applied to all employees).

Here, despite titling his claim as one for national origins discrimination, Plaintiff actually does not allege any disparate treatment on the basis of his national origin as a natural born American. Rather he asserts that he faced disparate treatment on the basis of his refusal to submit his social security number. Furthermore, Plaintiff does not dispute that the employer's requirement that the employee disclose his social security number applied to all his coworkers. See Compl. ¶ 1(stating that "unconstitutional misconduct is being imposed on all its employees"). Thus, even applying a less stringent standard for his pleadings, Plaintiff has failed to properly assert a claim for intentional discrimination.

### b.  Constitutional Right to Privacy

Nor does Plaintiff allege facts sufficient to establish a constitutional violation of his right to privacy.  The Constitution does not provide a right to privacy in one's social security number.  See Cassano v. Carb, 436 F.3d 74 (2d Cir. 2006) (declining to extend the constitutional right to privacy to collection of social security numbers by an employer); McElrath v. Califano, 615 F.2d 434, 441 (7th Cir. 1980) (recognizing that "the contention that disclosure of one's social security account number violates the right to privacy has been consistently rejected..."); Doyle v. Wilson, 529 F. Supp. 1343, 1348 (D. De. 1982) (holding that the "mandatory disclosure of one's social security number does not so threaten the sanctity of individual privacy as to require constitutional protection"); Cantor v. Supreme Court of Pennsylvania, 353 F. Supp. 1307, 1321-22 (E.D. Pa.1973) (holding that requiring lawyers to provide their Social Security numbers annually to the Pennsylvania Supreme Court certainly "does not rise to a breach of any federal constitutional rights."), aff'd without opinion, 487 F.2d 1394 (3d Cir. 1973).  Therefore, in this case, Plaintiff's claims that his constitutional right to privacy was violated because he was required to provide a social security number fail to state claims upon which relief can be granted and should be dismissed.

### B.  *Bivens* Action

Plaintiff also fails to assert properly a *Bivens* action against Defendants to for alleged violations of the First, Fourth, and Fifth Amendments of the Federal Constitution.  A *Bivens* action is the federal equivalent of the Section 1983 cause of action and will lie where the defendant has violated the plaintiff's rights under color of *federal* law.  See Brown v. Philip

Morris Inc., 250 F.3d 789, 800 (3d Cir. 2001). Federal action requires 1) an alleged constitutional deprivation caused by the exercise of some right or privilege created by the [Federal Government] or by a rule of conduct imposed by the [Federal Government] and 2) that "the party charged with the deprivation must be a person who may fairly be said to be a [Federal] actor." See American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50, 119 S.Ct. 977, 985 (1999) (quoting Lugar v. Edmondson Oil Co., 457 U.S. 922, 937-42, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982)); see also Brown v. Philip Morris Inc., 250 F.3d 789, 801 (3d Cir. 2001)(stating that courts use the same test for determining state action enunciated in *Lugar* to determine whether there is federal action under *Bivens*)

### 1. Caused by a Rule of Conduct Imposed by the Federal Government

Plaintiff contends his termination was federal action because the "federal government has specifically authorized and approved [Plaintiff's] termination under the color of law." Compl. ¶ 85. "Action taken by private entities with the mere approval or acquiescence of the State is not state action." Sullivan, 526 U.S. at 52, 119 S.Ct. at 986.

Defendants, however, assert that Plaintiff's termination was compelled by compliance with federal law. Motion to Dismiss at p. 24. Numerous courts have acknowledged an employee's disclosure of his social security number is compelled by federal law, which requires that employers gather and report the Social Security numbers of their employees to aid enforcement of tax and immigrations laws. See Cassano v. Carb, 436 F.3d 74 (2d Cir. 2006); Sutton v. Providence St. Joseph Medical Center, 192 F.3d 826, 830 (9th Cir. 1999) ( "[T]he Immigration and Naturalization Service (INS), 8 C.F.R. § 274a.2(a) & (b)(1)(I), 8 C.F.R. § 274a.10(b)(2); Immigration Form I-9; and the Internal Revenue Code (IRC), 26 U.S.C. §

6109(a)(3) & (d), require employers to provide the social security numbers of their employees.") Therefore, Plaintiff's only legitimate basis to argue that Defendants were acting under the color of federal law was that federal law allegedly compelled Defendants to fire Plaintiff.[2]

### 2. Color of Federal Law

The requirement that the private party could in all fairness be regarded as a federal actor may be met under one of three interrelated theories of government action: (i) the "public function" test, (ii) the "close nexus" test and (iii) the "symbiotic relationship" test. Brown, 250 F.3d at 801. Regardless of what test is ultimately applied, however, the object of the inquiry is to determine whether a private entity has exercised powers traditionally reserved exclusively to the government or whether the defendant exercised power possessed by virtue of federal law and made possible only because the wrongdoer is clothed in the authority of federal law." Id. (citations and internal quotations omitted).

The only test that potentially applies in this case is the "close nexus" test. The existence of a "close nexus" depends on whether the federal government "has exercised coercive power or has provided such significant encouragement, either overt or covert, that the choice must in law be deemed to be that of the [Government]." American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 52, 119 S.Ct. 977, 986 (1999). Supreme Court precedent suggests, however, that governmental compulsion in the form of a generally applicable law, without more, is insufficient to deem a private entity a governmental actor. See Sutton v. Providence St. Joseph Medical

---

[2]The court notes that if the federal government does not cause an employer to obtain an employees social security number then any alleged deprivation of rights was not caused the federal government, but rather the whims of a private company. Such whims would not qualify as federal action.

Center, 192 F.3d 826, 841 (9th Cir. 1999) (holding that employer's decision not to hire prospective employee because he refused to provide his social security number was not state action even though the refusal to hire was compelled by federal law); Harvey v. Plains Tp. Police Dep't, 421 F.3d 185, 195 (3d Cir. 2005)(noting that "compelled participation by a private actor may fall outside of the contours of state action").  To expose a private employer to liability under these circumstances would force private employers to defend presumptively valid laws, such as tax withholding schemes, and pay any consequent damages, even though they bear no real responsibility for the violation of rights arising from the enactment of the laws. Sutton, 192 F.3d at 838-39.

In this case, Plaintiff did not bring an action against the Federal government, but only against the private employer.  Therefore, the fact that compliance with federal law motivated Defendants to terminate the Plaintiff is insufficient to establish them as federal actors.  The Plaintiff does not allege any further nexus between the federal government and the private Defendants.  See Seaworth v. Pearson, 203 F.3d 1056, 1057 (8th Cir. 2000) (holding that the IRS, not the employer, imposed the requirement that defendant provide a social security number).  Thus, the Plaintiff cannot establish the existence of federal action necessary for a *Bivens* action.

  **C. Claims Under Section 1985**

The facts alleged by Plaintiff do not form the basis for claims based on violations of Section 1985.  42 U.S.C. § 1985(3) provides a cause of action to those injured by conspiracies formed "for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws."

First, Plaintiff fails to satisfy the identifiable class requirement of Section 1985.  Plaintiff

9

must allege a "*class-based*, invidiously discriminatory animus behind the conspirators' action" in order to state a § 1985(3) claim." Farber v. City of Paterson, 440 F.3d 131, 135 (3d Cir. 2006) (emphasis added). The "use of the word "class" unquestionably connotes something more than a group of individuals who share a desire to engage in conduct that the § 1985(3) defendant disfavors." Farber, 440 F.3d at 135-36 (holding that a plaintiff who claimed she was terminated because she was affiliated with the Administration of the Republican, ex-mayor, was not the member of an identifiable class because such a class is so subjectively defined that it cannot be characterized as an identifiable segment of the community by reference to objective criteria). Here, Plaintiff alleges Defendant discriminates against those individuals who refuse to submit their social security numbers on employment and tax forms. At best, this is nothing more than a group of individuals who share a desire to engage in conduct disfavored by Defendants. Thus, Plaintiff does not properly state the existence of class-based discrimination.

Second, even if Plaintiff properly alleged an identifiable group, the type of discrimination alleged by Plaintiff fails is not invidious. "A conspiracy claim based upon Section 1985(3) requires a clear showing of invidious, purposeful and intentional discrimination between classes or individuals. " Robinson v. McCorkle, 462 F.2d 111, 113 (3d Cir. 1972). "In order for victims of discrimination...to state a § 1985(3) claim, it must be independently determined that discrimination on that ground is invidious in the same way that discrimination directed at African-Americans is invidious." Farber v. City of Paterson, 440 F.3d 131, 141 (3d Cir. 2006)(noting that the Third Circuit has found that discriminatory animus directed at women and the mentally may for the basis for a claim under Section 1985(3)). In contrast, victims of political animus or mere commercial or economic animus have not suffered such invidious

discrimination. See id.  In this case, discrimination on the basis of withholding his social security number clearly cannot be considered invidious.  Such discrimination is more closely analogous to discrimination on the basis of commercial or economic animus, rather than race based animus.

Third, Plaintiff fails to allege a violation of a right recognized under Section 1985. Section 1985(3) does not create rights, but instead provides "a civil cause of action when some otherwise-defined federal right-to equal protection of the laws or equal privileges and immunities under the laws-is breached by a conspiracy." Great American Federal Sav. & Loan Ass'n v. Novotny, 442 U.S. 366, 376, 99 S.Ct. 2345, 2351 (1979).  "[I]n the context of actions brought against private conspirators, the Supreme Court has thus far recognized only two rights protected under § 1985(3): the right to be free from involuntary servitude and the right to interstate travel." Brown v. Philip Morris Inc., 250 F.3d 789, 805 (3d Cir. 2001) (holding that allegations that a tobacco companies unlawfully engaged in the targeted marketing of black smokers did not state cause of action under Section 1985(3)); see also Novotny, 442 U.S. at 376, 99 S.Ct. at 2351 (holding that rights pursuant to Title VII could not be basis of Section 1985(3) action).  Here, Plaintiff has not suffered a violation of any constitutional right that could serve as a basis for a Section 1985 claim.

Finally, Plaintiff fails to allege sufficient specific facts to support any conspiratorial agreement actionable under section 1985(3).  Mere conclusory allegations of deprivations of constitutional rights under § 1985(3) are insufficient to state a claim under Section 1985(3). See Robinson v. McCorkle, 462 F.2d 111, 113 (3d Cir. 1972) (citations and internal quotes omitted); Aultman v. Padgett, No. 03-3261, 2003 WL 22358445, *5 (E.D. Pa. Sept. 10, 2003) (holding

Plaintiffs even under the liberal pleading standard assigned to *pro se* plaintiff had failed to allege the existence of a conspiracy to deprive him of his constitutional rights, as well as specific facts to support such a claim). In this case, Plaintiff has failed to allege any specific facts showing that a conspiracy existed, or any specific fact that, if proved, would establish that CAI or its corporate officers engaged in an intentional, invidious conspiracy to injure him or deprive him of his employment. Thus, Plaintiff's claims under Section 1985 must fail.

      **D.**      **Claims Under Section 1986**

Plaintiff's claims under Section 1986 should also be dismissed. Section 1986 is a companion to Section 1985(3) and provides a plaintiff with a cause of action against any person who, knowing that a violation of Section 1985 is about to be committed and possessing the power to prevent its occurrence, fails to take action to frustrate its execution. See 42 U.S.C. § 1986. Therefore, if a plaintiff does not set forth a cause of action under § 1985, his claim under § 1986 necessarily fails as well, because "transgressions of § 1986 by definition depend on a pre-existing violation of § 1985." See e.g. Robison v. Canterbury Village, Inc., 848 F.2d 424, 431 n.10 (3d Cir. 1988). Because Plaintiff cannot proceed with a claim under Section 1985(3), his claim under 1986 necessarily fails.

Moreover, even if Plaintiff had valid claims under Section 1985, Plaintiff's claims under Section 1986 should be dismissed because those claims were filed beyond the statute of limitations for Section 1986 actions. Section 1986 provides its own statute of limitations, states "no action under the provisions of this sections shall be sustained which is not commenced within one (1) year after the cause of action had accrued." 42 U.S.C. § 1986. In this case, Plaintiff's cause of action under Section 1986 accrued in June 2004, but he did not file either

Complaint until April 18, 2006. Thus all of Plaintiff's causes of action against all Defendants under Section 1986 must be dismissed because they were not brought within the one year statute of limitations.

### E. Claims for Violations of the Federal Privacy Act

Plaintiff also fail to state an actionable claim under the federal privacy act. The Privacy Act provides:

> (1)It shall be unlawful for any federal, state or local government agency to deny any individual any right, benefit, or privilege by law because of such individual's refusal to disclose his social security account number.
> (2) The provisions of paragraph (1) of this subsection shall not apply with respect to –
> (A) Any disclosure which is required by federal statute or
> (B) the disclosure of a social security number to a federal, state or local agency maintaining a system of records in existence and operating before January 1, 1975, if such disclosure was required under statute or regulation adopted prior to such date to verify the identity of an individual.

Privacy Act of 1974, Pub. L. No. 93-579, § 7, 88 stat. 1896, 1909 (1974), reprinted in 5 U.S.C. 55a (2003)

In this case, none of the Defendants qualify as federal, state or local government agencies. Moreover, even if Defendants were considered government actors, they are required by federal law to obtain Plaintiff's social security number, and the Act does not apply to any disclosure required by federal law. Therefore, Defendants are not subject to the requirements of the Privacy Act and Plaintiff's claims should be dismissed.

### F. Claims under U.S.C. §§ 241 and 242.

Plaintiff's civil claims under 18 U.S.C. §§ 241 and 242 are inappropriate because 18 U.S.C. §§ 241 and 242 are criminal statutes that do not provide for a civil remedy. These

statutes create criminal penalties for deprivations of constitutional rights, effected by means of conspiracy or under color of state law. United States v. City of Philadelphia, 482 F. Supp. 1248, 1260 (E.D. Pa. 1979). It is well-settled that these criminal statutes cannot be the bases for remedy in a civil suit. See e.g. Molina v. City of Lancaster, 159 F.Supp.2d 813, 818 (E.D.Pa. 2001) (dismissing *pro se* plaintiff's civil rights claims under 18 U.S.C. §§ 241 and 242 because these statutes "do not create a civil cause of action enforceable by the Plaintiff"). Therefore, all of the counts in both of Plaintiff's Complaints that purport to allege causes of action under 42 U.S.C. §§ 241 and 242 are dismissed.

### G.     Claims Under Title VII

#### 1. Intentional Discrimination

Although Plaintiff does not title any of his claims as causes of action under Title VII intentional discrimination, such a claim would fail as well.[3] See Dluhos v. Strasberg, 321 F.3d 365, 369 (3d Cir. 2003) (noting the court should apply the applicable law, irrespective of whether the *pro se* litigant has mentioned it by name). To state a claim for discrimination on the basis of national origins under Title VII, the plaintiff must allege that 1) he is a member of a protected class; 2) he is qualified for the job from which he was discharged; 3) and that others not in the protected class were treated more favorably. Weldon v. Kraft, Inc., 896 F.2d 793, 797 (3d Cir. 1990). Here, Plaintiff does not assert that other not in his protected class were treated more favorably. To the contrary, he contends that all of Defendants' employees were treated the same regardless of their national origins. Compl.¶ 1.  Thus, Plaintiff cannot maintain a claim for

---

[4] Plaintiff refers to Title VII on several occasions in both his Complaints and his Response to Defendants' Motion to Dismiss.

intentional discrimination under Title VII.

    2.    **Retaliation**

Plaintiff's also fails to properly allege unlawful retaliation by Defendants after he objected to Defendants discrimination against him on the basis of his origins. To allege a *prima facie* case of retaliation, a Plaintiff must allege that he engaged in a protected employee activity. See Farrell v. Planters Lifesavers Co., 206 F.3d 271, 279 (3d Cir. 2000). Here, Plaintiff never engaged in a protected activity. The activity he complained about to Defendants was not in fact discrimination based on natural origins, but rather discrimination against those who refuse to provide their social security number to their employer. See Compl.¶ 46. Thus, Plaintiff's claim for retaliation fails as a matter of law.

    H.    **State Law Claims Including Breach of Contract**

In light of the fact that the court has dismissed all of Plaintiff's federal claims, the court will exercise its discretion to dismiss without prejudice all of Plaintiff's state claims, including breach of contract. See 28 U.S.C. § 1367(c) (stating that a federal district court may decline to exercise supplemental jurisdiction over state law claims when the district court has dismissed all claims over which it has original jurisdiction).

An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN MCCAULEY,<br>　　Plaintiff,<br><br>　　v.<br><br>COMPUTER AID INC., et al.,<br>　　Defendants. | CIVIL ACTION NO. 06-1620<br><br>CIVIL ACTION NO. 06-2612 |

ORDER

**AND NOW**, this 25th day of April, 2006, upon consideration of the Defendants' Motion to Dismiss Plaintiff's Complaints and the Response thereto, it is hereby **ORDERED** as follows:

1. Plaintiff's causes of action based on federal law are dismissed with prejudice.

2. Plaintiff's causes of action based on state law are dismissed without prejudice.

BY THE COURT:

/s/ Marvin Katz
_____
**MARVIN KATZ, S.J.**

16